## LEWIS INVISIBLE STITCH MACH. CO. v. POPPER et al.

### No. 6869.

District Court, E. D. New York.

June 28, 1940.

See, also, 5 F.Supp. 859.

George T. Gill, of New York City, for plaintiff.

Markewich & Null, of New York City (Samuel Null, of New York City, of counsel), for defendant Max Popper.

CAMPBELL, District Judge.

This is a motion brought on by Order to Show Cause why the defendant Max Popper should not be held for civil contempt for violation of the injunction issued in this cause dated April 3, 1934, restraining the defendant from infringing the Gruman Patents Nos. 1,891,308 and 1,909,346 and to further show cause, if any there be, why an attachment should not issue against the defendant.

After trial and hearing upon the merits of the issue raised by the Bill of Complaint, charging infringement of Gruman Patents Nos. 1,891,308 and 1,909,346 and upon the Answer an opinion dated February 5, 1934 was filed, finding Claims 1, 2, 3, 6, 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 27 of Patent 1,891,308 and Claim 12 of Patent 1,-909,346 to be valid and infringed by the defendants.

Thereafter, on or about March 24, 1934 an Interlocutory Decree was entered.

On or about the 3d day of April, 1934, a writ of injunction was issued against the defendant enjoining and commanding the defendant Max Popper from directly or indirectly making or causing to be made, using or causing to be used, selling or causing to be sold, combined seaming and pinking machines and pinking attachments

embodying or containing the invention covered by Claims 1, 2, 3, 6, 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 27 of Gruman Patent 1,891,308 and Claim 12 of the Gruman Patent No. 1,909,346; or any substantial or material part thereof, or any substantially equivalent or colorable imitation thereof unless licensed so to do by the plaintiff.

Service of such injunction was made upon the defendant personally, and also on his behalf, on his solicitors.

A reference was made to a Master in order to ascertain the profits and damages to which the plaintiff was entitled.

Thereafter, plaintiff and defendant came to an agreement in which the plaintiff gave the defendant a license restricting the defendant to the sale of machines in New York, Boston and Chicago directly to the users of the machines in those areas.

Thereafter, a final decree was entered herein on or about the 26th day of March 1935, in which the Interlocutory Decree was made final in all respects.

Plaintiff charges defendant with violations of the injunction subsequent to the service of the injunction.

The licensed agreement entered into between the parties contained, among others, the following provisions: "8. A violation of the terms of this license by Popper either by selling in unauthorized territory or by selling machines embodying the invention of either or both of the Gruman patents without the license plates thereon, or by selling any such machines for less than the stipulated price, or by countenancing violations of the conditions of his agents or either of them, or by default in any of his other undertakings herein shall entitle Lewis Company to revoke the license hereby granted under the Gruman patents, which Lewis Company may do by serving written notice upon Popper or his representative of its intention to revoke, and the revocation shall become effective twenty (20) days after such notice."

■ This agreement was drawn by the plaintiff, and must be construed most strongly against it.

■ In my opinion this clause of the license agreement limits the plaintiff in the event of a violation of any of its terms, to a cancellation of the license.

This has not been done prior to the bringing of this motion.

There is no doubt that plaintiff could have reserved to itself the right to proceed against the defendant for a violation of the injunction, as well as, upon rights given to it by the license agreement to cancel, but the plaintiff did not reserve any right to proceed under the injunction, but limited itself to the right to cancel the license for a violation thereof, therefore, American Pastry Products Corporation v. United Products Corporation et al., D.C., 39 F.2d 181, relied upon by the plaintiff, does not seem to me to be in point, as in that case the lessor reserved its right to elect to proceed either under the agreement, or under the injunction, without revoking the license.

This motion is, therefore, not sustainable.

■ As between these parties there were obviously other matters in dispute, which are not material on this motion, but I am convinced that the plaintiff knew of what they now charge are violations of the agreement and injunction for a period of over four years before this motion was made, and that in its dealing with the defendant during that time other matters, with which we are not concerned, lead them to refrain from proceeding against the defendant, as indicated in this motion, and that such failure to proceed with notice constituted laches, which now estops the plaintiff from proceeding herein on this motion.

■ As the third reason why this motion should not be granted, I am convinced that neither the so-called model 900 nor the top stitch machine, upon which this motion is based, were before me on the trial of this cause, in which my opinion was rendered, and that in rendering that opinion I did not consider those machines.

Of course, that would not be an answer, if either of said machines embodied various Claims of the Gruman Patents on which I passed or were merely equivalent or colorable imitations thereof, but, I have read with care the affidavit presented by Mr. Moulton, on behalf of the plaintiff, and Mr. Rice, on behalf of the defendants, and it does not seem to me that either of said machines perform the same function, in the same way as in the Claims of the Patents in suit, passed upon by me, on the trial of this Court, and I do believe that the defendant is entitled to litigate the question as to infringement by said machines before I can hold that the injunction in question covered them.

I do not think that in the machines in question, on the evidence presented by affidavit, that I can hold that defendant has merely reversed the action of the Patents in suit.

I am not attempting to try here that question, because I believe it should be tried in an action where full opportunity is given to plaintiff and defendant to present their respective contentions, and the Court, on evidence, being able to determine that issue,

Of course, if 'it clearly appeared that these machines were equivalents or merely colorable imitations of the Patents in suit, it would be proper to give the plaintiff the protection to which it would be legally entitled, but having, as I do, a real doubt based upon the evidence here presented, that such is the fact, I do not feel, even if the two other reasons I have given for denying this motion should have been incorrectly decided, that the motion could be granted.

Motion denied.

Settle order on notice.